**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL CULPEPPER,<br><br>            Plaintiff,<br><br>    vs.<br><br>J. WOODFORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. CV-F-06-0282 LJO DLB P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 13, 2006.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support

of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

I.  Discussion

    A.  Plaintiff's Allegations

Plaintiff alleges that he suffers from several herniated discs. On February 1, 2006, he was transferred to Avenal State Prison where he contends he is not receiving proper medical care. He contends he is being made to suffer cruel and unusual punishment. He states that this "medical negligence" is being allowed by Jeanne Woodford's inability to supervise Warden Powers and Chief Medical Officer Dr. McGuinness.

Plaintiff names former Director Jeanne Woodford, Warden Mendoza-Powers and Chief Medical Officer Dr. McGuinness as defendants. Plaintiff seeks monetary and injunctive relief.

    B.  Eighth Amendment Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton

1  v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A]
2  complaint that a physician has been negligent in diagnosing or treating a medical condition does not state
3  a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not
4  become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S.
5  at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith,
6  974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d
7  1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate
8  indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

9       Plaintiff has not made sufficient allegations against the named defendants to state a cognizable
10 claim for deliberate indifference to a serious medical need.  Plaintiff does not indicate that his alleged
11 denial of medical care was the fault of the named defendants.  Indeed, plaintiff has not linked the named
12 defendants to any specific conduct which he alleges to have violated his constitutional rights.  Even if
13 defendants were somehow responsible for the alleged denial of medical care, the denial would have to
14 have been caused by deliberate difference on the part of the defendants rather than mere negligence.
15 Plaintiff's makes no such allegations.  As alleged, plaintiff's claims are not cognizable under the Eighth
16 Amendment.  There is no indication that these defendants had any control over plaintiff's medical care.

17      In addition, all the named defendants are supervisory personnel.  Plaintiff seeks both damages
18 and injunctive relief in this action.  By this order, plaintiff is provided with the opportunity to file an
19 amended complaint.  In amending his complaint, plaintiff is advised to carefully review the following
20 legal standards with respect to his claims against supervisory personnel such as Director Woodford,
21 Warden Mendoza-Powers and Dr. McGuinness.

22      The Eleventh Amendment bars damages actions against state officials in their official capacity.
23 See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73
24 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  For this reason, a
25 damages claim against defendants in their official capacities is not cognizable and must be dismissed
26 from the action.

27      The Eleventh Amendment does not bar suits seeking damages against state officials in their
28 personal capacity.  See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of

1  Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged specific facts indicating that defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. For this reason, plaintiff fails to state a claim for relief against defendants under section 1983. The defendants supervisory positions, without more, are not sufficient to hold them liable under section 1983.

    C.    <u>Conclusion</u>

The court finds that plaintiff has failed to state cognizable claims for relief against the named defendants. The court will, by this order, dismiss plaintiff's complaint, and provide plaintiff the opportunity to file an amended complaint, if plaintiff believes in good faith that he can cure the deficiencies identified in this order.

If plaintiff chooses to file an amended complaint, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint;
3. The amended complaint shall bear the caption "Amended Complaint;" and
4. <u>If plaintiff fails to file an amended complaint in compliance with this order, the Court shall recommend that this action be dismissed for failure to obey a court order and failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **April 27, 2007**           /s/ **Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE